IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | | |
|---|---|---|
| WAFORD BRYANT, et al., | ) | |
| | ) | |
| v. | ) | No. 1:12-cv-0093 |
| | ) | Judge Haynes |
| SOUTH CENTRAL CORRECTIONAL | ) | |
| FACILITY, DOREEN TRAFTON, and | ) | |
| JOSH POPE, et al. | ) | |

___

**DEFENDANTS, SOUTH CENTRAL CORRECTIONAL FACILITY, DOREEN TRAFTON, AND JOSH POPE'S MOTION FOR A PROTECTIVE ORDER & MEMORANDUM OF LAW IN SUPPORT**
___

**COME NOW** the Defendants, an entity named as the South Central Correctional Facility (SCCF), Doreen Trafton and Josh Pope (hereinafter referred to collectively as "these Defendants"), and hereby submit this Motion and Memorandum of Law in Support of their Request for a Protective Order pursuant to Fed. R. Civ. P. 26(c)(1). In support of this request, the Defendants would show unto the Court the following.

1. On May 12, 2014, at a status conference, the Court requested that these Defendants submit the following documents under seal.

   a. A copy of CCA's internal investigation into the May 29, 2012 incident.

   b. A copy of any TDOC report regarding the May 29, 2012 incident in these Defendants possession.

   c. A copy of the page of Bryant's medical records referenced at the status conference.

2. The Court explicitly authorized these Defendants to file the above referenced

1

documents under seal.

3. The Court further directed these Defendants to provide an original copy of each of the above referenced documents, and a redacted copy of each of the above referenced documents.

4. The Court instructed these Defendants that they could file a Motion and Memorandum in which they explained why the documents should not be provided to the Plaintiff at all or why only the redacted documents should be provided. The Court indicated that this Motion could also be filed under seal.

5. These Defendants have attached an original copy of the CCA investigation report and a redacted copy of the investigation report to this filing as Exhibits A and B respectively.

6. These Defendant have attached an original copy of the TDOC Preliminary Summary, and a redacted copy of the summary to this filing as Exhibits C and D respectively. These are the only documents from the TDOC regarding this investigation currently in the possession of these Defendants and defense counsel.

7. These Defendant have attached an original copy of the page of the Plaintiff's medical records, and a redacted copy of said page to this filing as Exhibits E and F respectively.

8. These Defendants would request that the Court enter a Protective Order explicitly preventing the disclosure of these documents to the Plaintiff or any other third party for the following reasons:

> a. As a threshold matter, both the CCA and TDOC investigation are evidence of subsequent remedial measures, especially as they relate to any further administrative action against Defendants Pope, Trafton, or Jackson. *See* Fed. R. Evid. 407. Furthermore, they are irrelevant to the Plaintiff's claim of excessive force as they simply do not support the Plaintiff's claim that excessive force was used upon him. Rather, they simply indicate that CCA and the TDOC initiated an investigation into the incident, and determined that proper protocol was not

2

followed. This finding is simply irrelevant to the case at hand, and if provided to the Plaintiff will only further confuse the issues at this stage of the litigation as to the Defendants. Further, these documents relate to hindsight which is specifically excluded as admissible evidence and is not an element as to any of the Plaintiff's claims.

b. Additionally, both the CCA and TDOC investigations delineate the investigative process in the prison setting. As such, the disclosure of these documents poses a significant safety concern. The TDOC and CCA policies and procedures prohibit the disclosure of internal investigations to inmates, due to their sensitive nature. The Plaintiff, a presently incarcerated inmate, simply is not entitled to learn each step of the investigative process in the prison setting, and allowing him to do so poses a legitimate penological safety concern. Legitimate penological concerns provide a sufficient and recognized basis for restricting an inmate's access to certain materials. *See Hayes v. Tennessee*, 424 Fed. Appx. 546, 549 (6th Cir. 2011). ("When a prison regulation substantially infringes on an inmate's First Amendment religious practices, **the regulation is valid if it is reasonably related to legitimate penological interests**.") (emphasis added). Here, there is a legitimate penological interest in preventing the Plaintiff, a presently incarcerated inmate, from obtaining documents which reflect the investigative process, and the investigators personal information. Therefore, the CCA and TDOC investigative reports and summary should not be provided to the Plaintiff at all. However, if is provided these Defendants request that the Court rule that only the redacted version shall be provided as it helps to protect important information regarding the investigative process, investigator's personal information, and information regarding the use of force continuum.

c. Finally, the Plaintiff's page of medical records should only be provided to the Plaintiff in the redacted form. As the Court will see the redacted entry refers to the Plaintiff's mental health and is simply irrelevant to the case at hand. Pursuant to TDOC policy restricting its disclosure, and out of concern for the inmate's safety and privacy, the mental health reference was redacted.

9. Therefore, these Defendants would request that this Court enter a Protective Order prohibiting the disclosure of said documents to the Plaintiff and the Public.

3

Respectfully submitted,

PENTECOST & GLENN, PLLC

By:    s/Jonathan D. Buckner
       Jonathan D. Buckner (#032458)
       James I. Pentecost (#11640)
       Attorneys for Defendants
         SCCF, Doreen Trafton, & Josh Pope
       106 Stonebridge Blvd
       Jackson, TN 38305
       (731) 668-5995 – Telephone
       (731) 668-7163 – Facsimile
       jpentecost@pgandr.com
       jbuckner@pgandr.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of this Motion for Protective Order, via United States Mail, postage prepaid upon the following individuals. However, the sealed exhibits have not been served pursuant to the Court's instructions at the Status Conference.

Waford Bryant, #448777
Riverbend Maximum Security Instituion
Unit 4-C-205
7457 Cockrill Bend Boulevard
Nashville, TN 37209

Corbell Baughn
South Central Correctional Facility
P.O. Box 279
Clifton, TN 38425

Larry Guina
South Central Correctional Facility
P.O. Box 279
Clifton, TN 38425

and electronically served via the Court's ECF system on the following:

4

Erin Palmer Polly
Walker, Tipps & Malone PLC
2300 One Nashville Place
150 Fourth Avenue North
Nashville, Tennessee 37219

on or before the filing date.

   DATED: This the 22nd day of May, 2014.

          PENTECOST & GLENN, PLLC

      By: s/Jonathan D. Buckner
         Jonathan D. Buckner