094-142-00

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | | |
|---|---|---|
| WAFORD BRYANT, et al., | ) | |
| | ) | |
| v. | ) | No. 1:12-cv-0093 |
| | ) | Judge Haynes |
| SOUTH CENTRAL CORRECTIONAL | ) | |
| FACILITY, DOREEN TRAFTON, and | ) | |
| JOSH POPE, et al. | ) | |

___

**DEFENDANTS, SOUTH CENTRAL CORRECTIONAL FACILITY, DOREEN TRAFTON, AND JOSH POPE'S RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**
___

**COME NOW** the Defendants, an entity named as the South Central Correctional Facility (SCCF), Doreen Trafton and Josh Pope (hereinafter referred to as "these Defendants"), by and through counsel of record, and file this Response to Plaintiff's Motion for Appointment of Counsel. (D.E. 183). The Court should deny the Plaintiff's motion for the following reasons:

As discussed in depth in these Defendants' response to the Plaintiff's first request for appointed counsel (D.E. 82.), which these Defendants hereby expressly incorporate by reference herein, there is no constitutional right to appointed counsel in a civil case and, as a general rule, counsel will only be appointed in exceptional circumstances. *See Lavado v. Keohane*, 992 F.2d 601, 605-06; *Bunton v. Englemyre*, 557 F. Supp. 1, 4 (E.D. Tenn. 1982); *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979). "Appointment of counsel pursuant to 28 U.S.C. § 1915 is not appropriate when . . . .the chances of success are extremely slim," or when the Plaintiff has shown an ability to present his case. *Lavado*, 992 F.2d at 606 (quoting *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)).

1

Plaintiff has not alleged any exceptional circumstances that warrant the appointment of counsel in this case. As a threshold matter, all Defendants in this case have Motions for Summary Judgment pending (D.E. 142; 151); therefore, the Plaintiff cannot demonstrate that he has a high likelihood of success upon the merits. However, that fact notwithstanding, the Plaintiff has repeatedly demonstrated his ability to present his case. For example, Plaintiff has: filed a Response to the Motions for Summary Judgment (D.E. 181), filed multiple motions for appointment of counsel (D.E. 81; 183), filed a Motion to Stay (D.E. 87), and submitted written discovery. These filings all clearly demonstrate that the Plaintiff is capable of representing himself.

Plaintiff claims that this case is "complex." However, this case is no more exceptional or complex than any other cases in which a prisoner has brought a civil rights action. Therefore, good cause for appointment of counsel does not exist, and the Plaintiff's motion should be denied.

WHEREFORE, PREMISES CONSIDERED, these Defendants request that the Court deny the Plaintiff's Motion for Appointment of Counsel.

Respectfully submitted,

PENTECOST & GLENN, PLLC

By: s/Jonathan D. Buckner
James I. Pentecost (#11640)
Jonathan D. Buckner (#032458)
Attorney for Defendants
SCCF, Doreen Trafton, and Josh Pope
106 Stonebridge Blvd
Jackson, TN 38305
(731) 668-5995 - Telephone
(731) 668-7163 - Fax

## **CERTIFICATE OF SERVICE**

       This is to certify that I have served a copy of this pleading (Response) via United States Mail, postage prepaid upon:

Waford Bryant, #448777
RMSI
7475 Cockrill Bend Blvd
Nashville, TN  37209


and electronically served via the Court's ECF system on the following:

Erin Palmer Polly
Walker, Tipps & Malone PLC
2300 One Nashville Place
150 Fourth Avenue North
Nashville, Tennessee 37219

on or before the filing date.

       DATED: This the 11 day of July, 2014.


                        PENTECOST & GLENN, PLLC

                By:    s/Jonathan D. Buckner
                        Jonathan D. Buckner